UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROCHELLE DANIEL,<br><br>        Plaintiff,<br><br>v.<br><br>WEST ASSET MANAGEMENT,<br><br>        Defendant. | CIVIL ACTION NO.   14-13573 |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, West Asset Management, Inc. ("West"), and, pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.*, hereby removes from the Third Judicial Circuit Court, County of Wayne, State of Michigan, the following described and captioned lawsuit and respectfully shows:

1.    West is the only defendant named in an action that was commenced on June 26, 2014, by Complaint filed in the Third Judicial Circuit Court, County of Wayne, State of Michigan, in the matter styled "*Rochelle Daniel v. West Asset Management*" Docket No. 14-008328-CZ (the "State Court Action").

2.    Pursuant to 28 U.S.C. §§ 1441 and 1446, West removes the State Court Action to this Court, which is the judicial district in which the State Court Action is pending.

3.    Removal of the State Court Action is proper under 28 U.S.C. §§ 1441, *et seq*. If the action had originally been brought in this Court, this Court would have had original, diversity jurisdiction over plaintiff's claims pursuant to the provisions of 28

U.S.C. § 1332(a), in that the amount in controversy exceeds the sum of $75,000, exclusive of interest and court costs, and the action is between citizens of different states, as established herein.

4. A copy of all process, pleadings in the State Court Action is being filed with this Notice and is attached hereto as Exhibit A.

**The Amount In Controversy Exceeds $75,000.**

5. The State Court Action is removable to this Honorable Court pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1441(b). As alleged in the Complaint, Plaintiff asserts that West illegally accessed Plaintiff's credit report (Complaint, ¶ 11).

6. Plaintiff claims that West's alleged intentional accessing of her credit report caused her shame and embarrassment and that she felt infuriated, emotionally upset, stressed, and defeated (Complaint, ¶¶ 12, 14, 16, 17).

7. Plaintiff also alleges West invaded plaintiff's privacy, and she is seeking $175,000 in compensatory damages and $1,000,000 for exemplary and/or punitive damages (Complaint, ¶ 27).

8. Plaintiff's alleged damages, if true, place the amount in controversy at a sum at or exceeding $75,000.

9. Based upon the cause of action and alleged damages asserted in the Complaint, the total amount in controversy in this matter exceeds $75,000, inclusive of attorney's fees, but exclusive of interest and court costs. Moreover, Plaintiff's Complaint

is devoid of any statement that her damages are less than the minimum jurisdictional amount.

10. Accordingly, the amount in controversy in this action exceeds the jurisdictional amount established by law for federal diversity jurisdiction under 28 U.S.C. § 1332.

**The Action Is Between Citizens of Different States.**

11. Plaintiff, Rochelle Daniel, is a Michigan resident domiciled in the City of Detroit, County of Wayne.

12. Defendant West, is a Delaware corporation, having its principal place of business in Atlanta, Georgia, and it is deemed to be a citizen of Delaware, pursuant to 28 U.S.C. § 1332(c)(1).

13. West was served with a copy of this Complaint on August 25, 2014.

14. This Notice of Removal is filed within 30 days of the service of the Complaint and is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(3).

WHEREFORE, based upon this Court's diversity jurisdiction, Defendant, West Asset Management, Inc., respectfully requests that this case proceed in this Court, as an action properly removed from the Third Judicial Circuit Court, County of Wayne, State of Michigan.

Respectfully submitted,

/s/ Justin H. Homes
Justin H. Homes, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 N. Causeway Blvd., Suite 200

Metairie, LA 70002-7227
Telephone: (504) 828-3700
Fax: (504) 828-3737
Email: jhomes@sessions-law.biz.

Deborah A. Lujan, Esq.
Collins, Einhorn, Farrell & Ulanoff, P.C.
4000 Town Center, Suite 909
Southfield, MI  48075-1473
Telephone: (248) 351-5417
Facsimile:  (248) 355-2277

*Attorneys for Defendant,*
*West Asset Management, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 15, 2014, a copy of the foregoing was filed electronically in the ECF system, and served on plaintiff by placing a copy of the same in the U.S. first class mail, postage prepaid, and addressed, as follows:

Rochelle Danielle
19750 Braile
Detroit, Michigan 48219

/s/ Justin H. Homes
Justin H. Homes, Esq.

\\sfnfs02\prolawdocs\7989\7989-34791\Daniel, Rochelle (Pro Se)\1547856.doc

Rochelle Daniel
19750 Braile
Detroit, MI 48219

Rochelle Daniel
19750 Braile
Detroit, MI 48219

CNL

CNL Complaint

CERTIFIED MAIL

7014 0510 0000 1255 8906

Ms. Quannetta Hayden
West Asset Management
7171 Mercy Rd
Omaha, NE 68106

9610 6261 050

CNL

CERTIFIED MAIL

7014 0510 0000 1255 8913

Complaint

Ms. Nancy Van Hoven, Senior Counsel
West Asset Management
7171 Mercy Rd
Omaha, NE 68106

9610 6261 050

UNITED STATES POSTAL SERVICE
68106

U.S. POSTAGE PAID
SOUTHFIELD, MI
48037
AUG 21, 14
AMOUNT
$4.00
0010 0403-03

UNITED STATES POSTAL SERVICE
68106

U.S. POSTAGE PAID
SOUTHFIELD, MI
48037
AUG 21, 14
AMOUNT
$4.00
0010 0403-03

**Exhibit A**

Complaint

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND<br>RETURN OF SERVICE | CASE NO.<br>14-008328-CZ |
|---|---|---|

2 Woodward Ave., Detroit MI 48226     Court Telephone No. 313-224-2415

THIS CASE IS ASSIGNED TO JUDGE    Muriel Hughes    Bar Number: 36362

| Plaintiff | v | Defendant |
|---|---|---|
| Daniel, Rochelle M | | West Asset Management |
| **Plaintiff's Attorney** | | **Defendant's Attorney** West Business Solutions |
| 19750 Braile<br>Detroit, MI 48219 | | AUG 2 5 2014 |

| CASE FILING FEE | JURY FEE |
|---|---|
| ☐ Case Filing Fee - $150.00 | ☐ Jury Fee - $85.00 |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 6/26/2014 | 9/25/2014 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date.    CATHY M. GARRETT - WAYNE COUNTY CLERK

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

X   There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

X   A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _Eastern District_ Court.

___ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

___ An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket No. | Judge | Bar No. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

8/21/14      Rochelle Daniel
Date      Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

## Third Judicial Circuit Court
## Civil Division

ROCHELLE DANIEL

    Plaintiff,

vs.

WEST ASSET MANAGEMENT

    Defendant.
_____/

CIVIL NO.

HONORABLE:

14-008328-CZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
6/26/2014 4:01:23 PM
CATHY M. GARRETT

## COMPLAINT

### INTRODUCTION

1. This is an action against West Asset Management ("WAM") a collection agency for invasion of privacy, i.e. Intrusion upon Seclusion given that WAM used illegally means to obtained Plaintiff's credit report from TransUnion to which it was not entitled to receive.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the parties and claims under State law cited herein.

3. Venue in this district is proper in that the Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### PARTIES

4. Plaintiff, is a natural person residing at 19750 Braile, Detroit, Michigan 48219.

5. Defendant, WAM is a for profit entity and at all times relevant hereto did business as a collection agency, mailing address 7171 Mercy Road, Atlanta, GA 30348.

### FACTUAL ALLEGATIONS

6. On March 16, 2012, I discovered that on August 12, 2011, WAM obtained a copy of my credit report maintained by TransUnion. *See attached hereto as Exhibit 1 is TransUnion inquiry section redacted*

1

7. On January 4, 2011, I filed a claim against WAM in the Eastern District of Michigan for violation of the Fair Credit Reporting Act ("FCRA") Provision 15 USC §1681 et seq., which prohibits any person to use or obtain a consumers' report without a permissible purpose. For invasion of privacy, i.e. Intrusion upon Seclusion for WAM's unwarranted access to my credit report maintained by TransUnion.

8. However, the District Court dismissed my Intrusion upon Seclusion claim for lack of jurisdiction.

9. On August 3, 2011, WAM moved for summary judgment claiming it obtained my credit report on August 12, 2011 for the purpose of (1)investigating and responding to Plaintiff's written discovery, and (2) defending itself from Plaintiff's lawsuit.

10. On September 16, 2013, the Honorable Robert H. Cleland in Eastern District of Michigan ruled that under the Fair Credit Report Act ("FCRA") "WAM has not shown that the undisputed facts of the record establish that it had a permissible purpose for obtaining Daniel's TransUnion report," therefore, denied WAM's motion for summary judgment. *Daniel v. West Asset Mgmt.*, No. 2:12-cv-12851-RHC-MJH (E.D. Mich. Sept. 16, 2013)

11. WAM used illegal means by falsely certifying to TransUnion that it had a permissible purpose to receive my private information that it was not entitled to receive is objectionable to a reasonable man. *Dalley v Dykema Gossett*, 287 Mich. App 296 (2010).

12. When I discovered WAM had pulled my TransUnion report, I felt ashamed and embarrassed because it contained derogatory information, which I had an expectation to keep privacy.

13. On April 10, 2012, I called WAM to ask why my TransUnion report was pulled Marc Banks stated, "We are a debt collector and can do whatever we want."

14. I became infuriated with Mr. Bank's attitude because it was cruel and nasty. It made me feel defeated as if there was nothing I can do to protect my interest to privacy from this unscrupulous debt collector who was brazen about its conduct.

2

15. Instead of apologizing for perhaps a mistake, it appears WAM acted intentionally, maliciously, and with a reckless disregard for my privacy.

16. I was infuriated and emotionally upset because WAM had broken the trust I placed in the company and now, I don't trust much anymore.

17. I am more stressed wondering who is viewing my private information, therefore, I check my credit reports more frequently.

18. Plaintiff repeat re-alleges and incorporates by reference all other paragraphs herein for the following Causes of Action:

## COUNT I
## Intrusion upon Seclusion

19. Plaintiff has a reasonable expectation of privacy.

20. Defendant intentionally intruded in Plaintiff's privacy and illegally obtained her credit report from TransUnion that it was not entitled to receive.

21. Defendant intrusion would be highly objectionable to a reasonable person.

22. Plaintiff was harmed by Defendant's conduct.

23. Defendant conduct was a substantial factor in causing Plaintiff harm.

24. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly objectionable conduct by the procurement of Plaintiff's private information.

25. Defendant's acted with malice, fraud and/or oppression, causing emotional distress warranting the imposition of exemplary and/or punitive damages.

26. The actions taken by Defendant indicate a willingness to execute, maintain, and pursue improper business practices regardless of the legitimate need for Plaintiff's credit report.

WHEREFORE, Plaintiff hereby prays for the following relief on the foregoing Causes of Action against Defendant:

3

27. Counts I - For WAM illegally accessing Plaintiff's credit report (See *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 822 (W.D. Ky. 2003)), Plaintiff seeks an award of $175,000 in compensatory damages, and $1,000,000 for exemplary and/or punitive damages. See *Lawlor v. North American Corporation of Illinois*, Ill.App.3d N.E.2d (March 24, 2011) (2011 WL 1205479); *Schmidt v. Ameritech Corp.*, 115 F.3d 501, 506 (7th Cir. 1997); *Shahi v. Madden*, 949 A.2d 1022, 1034-35 (Vt. 2008) (affirming punitive damages award of $1,000,000 on invasion of privacy claim)

## JUDICIAL NOTICE

28. All officers of the court for Wayne County in the state of Michigan are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of *Haines v Kerner*, 404 U.S. 519, *Platsky v. C.I.A.* 953 F.2d. 25, and *Anastasoff v. United States*, 223 F.3d 898 (8th Cir. 2000) relying on *Willy v. Coastal Corp.*, 503 U.S. 131, 135 (1992), "*United States v. International Business Machines Corp.*, 517 U.S. 843, 856 (1996), quoting *Payne v. Tennessee*, 501 U.S. 808, 842 (1991) (Souter, J., concurring). *Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647, *American Red Cross v. Community Blood Center of the Ozarks*, 257 F.3d 859 (8th Cir. 07/25/2001).

In re *Haines*: pro se litigants are held to less stringent pleading standards than BAR registered attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. In re *Platsky*: court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings. In re *Anastasoff*: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See *Anastasoff v. United States*, 223 F.3d 898

4

(8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, *Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages, costs, and such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted,

/s/Rochelle Daniel
19750 Braile
Detroit, MI 48219
(248) 247-6444
millicentdaniel@yahoo.com

June 26, 2014

5

**EXHIBIT 1**

| Consumer Credit Report for ROCHELLE M. DANIEL | File Number: | 310417078 | |
| | Page: | 5 of 6 | TransUnion. |
| | Date Issued: | 03/16/2012 | |

### Account Review Inquiries

The companies listed below obtained information from your consumer report for the purpose of an account review or other business transaction with you. These inquiries are not displayed to anyone but you and will not affect any creditor's decision or any credit score (except insurance companies may have access to other insurance company inquiries and users of a report for employment purposes may have access to other employment inquiries, where permitted by law).

14-008328-CZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
6/26/2014 4:01:23 PM
CATHY M. GARRETT

**WEST ASSET MANAGEMENT**
PO BOX 4820
OMAHA, NE 68103
(678) 496-9804
Requested On: 08/12/2011

-End of Credit Report-

To dispute online go to: http://transunion.com/disputeonline

F.1XN3M-002 00763-1005945 07/10

1