UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE DANIEL,

    Plaintiff,

v.        Case No.    14-13573

WEST ASSET MANAGEMENT,

    Defendant.
                                         /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending before the court is a Motion to Dismiss, filed by Defendant West Asset Management ("WAM") on September 22, 2014 (Dkt. # 5). Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant the motion.

**I. BACKGROUND**

The following facts are taken from Plaintiff's complaint together with the public docket entries of the previous cases between the parties, and are assumed to be true for the purposes of this motion. Daniel had previously sued WAM in this court (Case No. 11-cv-10034, "*Daniel I*") on January 4, 2011 for violations of the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Fair Credit Reporting Act ("FCRA") in connection WAM's efforts to collect a debt Plaintiff allegedly owed to AT&T. In two separate orders the court dismissed all of Plaintiff's claims. *Daniel v. West Asset Management, Inc.*, No. 11-10034, 2011 WL

2412950 (E.D. Mich. June 14, 2011); *Daniel v. West Asset Management, Inc.*, No. 11-10034, 2011 WL 5142980 (E.D. Mich Oct. 28, 2011).

On June 28, 2012, Daniel again sued WAM (Case No. 12-cv-12851, "*Daniel II*"). In relevant part, Daniel claimed that WAM lacked a permissible purpose in obtaining her credit report from TransUnion on August 12, 2011 for the purpose of responding to discovery requests in *Daniel I*. Count IV[1] of the Complaint was an intrusion upon seclusion claim.

The court initially dismissed the case pursuant to 28 U.S.C. § 1915(e)(2), *Daniel v. West Asset Management, Inc.*, No 12-12851, 2012 WL 5379116 (E.D. Mich. Oct. 31, 2012), but upon reconsideration, reinstated Counts I, II and part of III, which constituted her claims under the FCRA. *Daniel v. West Asset Management, Inc.*, No 12-12851, Dkt. # 7 (E.D. Mich. Oct. 31, 2012). The court addressed the intrusion upon seclusion claim, concluding that "[r]egardless of whether Defendant had a permissible purpose for obtaining Plaintiff's credit report, Plaintiff has not alleged facts suggesting that Defendant obtained the report in an objectively intrusive manner." (*Id.* at Pg. ID 47.) As such, Daniel "fail[ed] to state a claim for Intrusion upon seclusion" and the motion for reconsideration of the dismissal was denied.[2] (*Id.*)

On December 20, 2012, Daniel amended her complaint, purporting to reintroduce the intrusion upon seclusion claim. (Case No. 12-12851, Dkt. # 8, Pg. ID 55.) The case

---

[1]The intrusion upon seclusion claim was labeled "COUNT VI" but was placed between III and V and no IV exists.

[2]Daniel alleges that the court "dismissed [the] Intrusion Upon Seclusion claim for lack of jurisdiction." (Dkt. # 1, Pg. ID 8.) This is flatly contradicted by the language of the court's October 31, 2012 order.

2

proceeded with discovery and WAM moved for summary judgment. The court denied WAM's motion for summary judgment, *Daniel v. West Asset Management, Inc.*, No. 12-12851, 2012 WL 5212107 (E.D. Mich. Sept. 16, 2013). The court noted in its opinion and order that the "Intrusion upon seclusion [claim was] identical to [claim] originally dismissed by an October 31, 2012 order and [was] not reinstated by the December 12, 2012 order granting Daniel's motion for reconsideration. Therefore, the claim[] ha[s] already been dismissed and [is] not at issue on summary judgement." *Id.* at *1 n.1. The case ultimately settled in November of 2013, resulting in the dismissal of the remaining claims with prejudice. (Case No. 12-12851, Dkt. # 40.)

Daniel sued WAM for a third time in the Third Judicial Circuit Court, County of Wayne, Michigan on June 26, 2014, asserting a sole common law claim for Intrusion upon seclusion based upon the same credit report pull that was at issue in *Daniel II*. (Dkt. # 1, Pg. ID 9.) WAM timely removed the case to this court and now moves to dismiss.

## II. STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's allegations. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" In order to survive a motion to dismiss, the complaint must allege "[f]actual allegations . . . enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the court views the complaint in the light most favorable to the plaintiff and takes all well-pleaded

3

factual allegations as true. *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009); *Carrier Corp. v. Outokumu Oyj*, 673 F.3d 430, 400 (6th Cir. 2012). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III. DISCUSSION

Daniel's claim is plainly barred by res judicata. Res judicata bars future claims when the following four elements are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action." *United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir.2007) (internal quotations omitted). Each element of res judicata is present in this case. *First*, the court's earlier dismissal of the Intrusion upon seclusion claim in *Daniel II* was not appealed. *Second*, the present case is between the same parties as *Daniel II*. *Third*, This issue of Intrusion upon seclusion was litigated in *Daniel II*. *Fourth*, Daniel's allegations in this case are nearly identical to those detailed in *Daniel II*.

It is true that the court's initial § 1915(e)(2) dismissal did not mention the intrusion upon seclusion claim and would not have had res judicata effect on this action on its own. However, the court's order on the motion for reconsideration clearly addressed the intrusion upon seclusion claim *on the merits*, concluding that it "failed to state a

4

claim." It is this holding, which was necessary to the resolution of the motion for reconsideration that establishes the res judicata effect. This was confirmed in the court's resolution of the summary judgment motion, which reaffirmed the merits-based dismissal of the intrusion upon seclusion claim.

Attacking the res judicata argument on another front, Daniel cites to communications with WAM's counsel during settlement negotiations, where she insisted that a release of her intrusion upon seclusion claim was "off the table." (Dkt. # 6, Pg. ID 38.) Daniel apparently believed that by carving intrusion upon seclusion out of the settlement agreement, she would be free to bring the claim in a separate action. Daniel is mistaken. The principles of res judicata apply to the claim. While Daniel was able to negotiate the language of the release so as not to include that claim, she did not extract a waiver of the res judicata defense from WAM. Without such a waiver to enforce, Daniel's settlement negotiations do not negate the preclusive effect of the court's holding in *Daniel II.*

Even if res judicata did not apply, the court holds in the alternative that Plaintiff fails to state a claim for Intrusion upon seclusion for the reasons articulated in its December 13, 2012 order:

> Count IV of Plaintiff's complaint (mistakenly labeled as "Count VI") alleges intrusion upon seclusion. To establish a *prima facie* claim of intrusion upon seclusion, a plaintiff must show: "(1) the existence of a secret and private subject matter; (2) a right possessed by the plaintiff to keep that subject matter private; and (3) the obtaining of information about that subject matter through some method objectionable to a reasonable man." *Doe v. Mills*, 536 N.W.2d 824, 832 (Mich. Ct. App. 1995). An intrusion upon seclusion claim "focuses on the *manner* in which the information was obtained." *Id.* (emphasis added).

> In *Lansing Association of School Administrators v. Lansing School District Board of Education*, the court considered an intrusion upon seclusion claim in the context of a "reverse" Freedom of Information Act ("FOIA") case, where the plaintiff sued to prevent disclosure the of information within the FOIA. 549 N.W.2d 15, 19 (Mich. Ct. App. 1996). The court dismissed the intrusion upon seclusion claim because "the method employed to obtain the information sought . . . , i.e., merely writing a letter of request, [was] neither intrusive nor objectionable to the reasonable person." *Id.* at 20-21. The court noted that "[i]t is the contemplated disclosure, not the method of disclosure, that plaintiffs find intrusive and objectionable." *Id.* at 21.
>
> Similarly, Plaintiff has failed to allege that Defendant obtained [her] credit report in a manner objectionable to a reasonable person. Plaintiff claims that Defendant "requested" [her] credit report from TransUnion but does not state how that request was made. (Compl. ¶ 16, Dkt. # 1.) Plaintiff further alleges that TransUnion sent a "screen shot" of [her] credit report to Defendant. (*Id.* ¶ 22.) Regardless of whether Defendant had a permissible purpose for obtaining Plaintiff's credit report, Plaintiff has not alleged facts suggesting that Defendant obtained the report in an objectively intrusive manner. Accordingly, Plaintiff fails to state a claim for intrusion upon seclusion.

(Case No. 12-12851, Dkt. # 7, Pg. ID 46–47).

## IV.  CONCLUSION

Daniel's Intrusion upon seclusion claim has been before this court before and the court decided it. Whether by operation of res judicata or the same reasoning the court initially provided, the claim fares no better the second time around.

IT IS ORDERED that Defendant's Motion to Dismiss (Dkt. # 5) is GRANTED and the case is DISMISSED.

                                                   s/Robert H. Cleland
                                                   ROBERT H. CLELAND
                                                   UNITED STATES DISTRICT JUDGE

Dated:  May 20, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 20, 2015, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522